UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| TORI T. CURTIS, ) | |
| ) | |
| Plaintiff, ) | Civil No. 3:18-cv-0044-GFVT |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| JAMES L. ERWIN, ) | **&** |
| ) | **ORDER** |
| Defendants. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Tori T. Curtis is an inmate confined at Eastern Kentucky Correctional Facility ("EKCC") located in West Liberty, Kentucky. Proceeding without an attorney, Curtis has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 [R. 1] and a motion for leave to proceed *in forma pauperis*[1] [R. 3]. The information submitted with Curtis's fee motion indicates that he lacks sufficient assets or income to pay the $350.00 filing fee. [R. 4.] Because Curtis has been granted pauper status in this proceeding, the $50.00 administrative fee is waived. District Court Miscellaneous Fee Schedule, § 14.

The Court must conduct an initial review of the complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470–71 (6th Cir. 2010). The Court evaluates Curtis's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his

---

[1] Curtis originally filed this action in the United States District Court for the Western District of Kentucky, which transferred the case to this Court on venue grounds. [R. 5.]

legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

However, a complaint must set forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hill*, 630 F.3d at 470. Although the Court has an obligation to liberally construe a complaint filed by a person proceeding without counsel, the principles requiring generous construction of *pro se* pleadings are not without limits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Wilson v. Lexington Fayette Urban County Government*, No. 07-cv-95-KSF, 2007 WL 1136743 (E.D. Ky. April 16, 2007). The Court is not required to create a claim for the Plaintiff, nor to "conjure up unpled allegations." *Moorman v. Herrington*, No. CIV A 4:08-CV-P127-M, 2009 WL 2020669, at *1 (W.D. Ky. July 9, 2009)(citations omitted). *See also Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003) ("Pro se parties must still brief the issues advanced with some effort at developed argumentation."). Vague allegations that one or more of the defendants acted wrongfully or violated the plaintiff's constitutional rights are not sufficient. *Laster v. Pramstaller*, No. 08-CV-10898, 2008 WL 1901250, at *2 (E.D. Mich. April 25, 2008).

Curtis's complaint alleges that on September 15, 2017, while he was being transferred from the Green River Correctional Complex to the Little Sandy Correctional Complex, the driver of the van in which he was being transported stopped quickly, causing Curtis and the other passengers to jerk forward really hard. [R. 1 at 4–5.] Curtis alleges that he crashed into the seat in front of him between his neck and the side of his face. *Id*. at 5. He states that the medical staff at Little Sandy Correctional Complex prescribed him medication for head, back and neck pains, but he is still in pain and continues to take medication. *Id*.

In his complaint, Curtis asserts that his First Amendment rights were violated because, when he asked for the names of the correctional officers who were driving the transport vans, he was denied, which he alleges hinders his ability to file an appropriate grievance regarding this accident. *Id*. at 5. He claims that his Eighth Amendment rights were violated because the pain he has suffered from his injuries constitute cruel and unusual punishment. *Id*. He also alleges a violation of his Fourteenth Amendment rights because "while under Department of Correction care I wasn't given…equal protection of the law as others who have been transferred safely an[d] unharmed by prison officials in this State of Kentucky." *Id*. at 5, 7. He also asserts a violation of his Thirteenth Amendment rights.

However, as currently drafted, Curtis' complaint fails to state a claim for which relief may be granted. To the extent that Curtis alleges that his Eighth Amendment rights were violated during his transport between prisons, at most, Curtis alleges that the unidentified driver of the van in which he was being transported acted negligently in stopping the van suddenly. However, the Supreme Court has long held that a government official is not liable when a negligent act causes a violation of the plaintiff's civil rights; intentional conduct is required. *Daniels v. Williams*, 474 U.S. 327, 330–34 (1986). Although he references the medical care he received at Little Sandy Correctional Complex, he makes no allegation suggesting an Eighth Amendment claim based on inadequate medical care.

In addition, although Curtis refers to the Fourteenth Amendment and its guarantee of equal protection under the law, he makes no claim that he was discriminated against based upon his membership in a protected class, and therefore fails to state a viable claim in that regard. Moreover, although he references the Thirteenth Amendment of the Constitution, which abolished slavery in the United States, he alleges no facts supporting a claim under the Thirteenth Amendment.

It is possible to broadly construe his allegation that the denial of his request for the names of the officers who drove the transport vans hindered his ability to file an appropriate grievance as a claim that his First Amendment right to access the courts have been frustrated. Although this is not quite what is alleged by Curtis, even if the Court were to construe his allegation this broadly, he fails to name a viable defendant with respect to this claim, or any of his other constitutional claims. The only defendant named by Curtis is James L. Erwin, Commissioner of the Kentucky Department of Corrections ("KDOC"). According to Curtis, Erwin is being sued in his individual and official capacities because he gave approval for the transfer and because he is responsible for making sure that his prison officials put seat belts on the inmates being transferred. [R. 1 at 7.]

However, the law is clear that a defendant is only liable for conduct in which he or she was directly and personally involved. *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (citing *Rizzo v. Goode*, 423 U.S. 362, 373–77 (1976)). The mere fact of supervisory capacity is not enough: *respondeat superior* is not an available theory of liability. *Polk County v. Dodson*, 454 U.S. 312, 325–26 (1981). Indeed, "[i]n a § 1983 suit or a Bivens action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). Thus, because Curtis does not allege that Erwin was personally involved in the conduct complained of, and because Erwin is not vicariously liable for the conduct of the KDOC staff, he fails to state a claim against Erwin in his individual capacity. *Nwaebo*, 83 F. App'x at 86; *Iqbal*, 556 U.S. at 677.

Moreover, as a KDOC employee, any "official capacity" claim against Erwin is construed as a civil rights claims against the KDOC. However, the KDOC is not subject to suit under § 1983 in federal court, both because a state agency is not a "person" subject to liability under § 1983, and because the Eleventh Amendment deprives federal district courts of subject

matter jurisdiction over a claim for money damages against a state and its agencies. *Gibbons v. Kentucky Dept. of Corrections*, No. 3:07-CV-P697-S, 2008 WL 412847, at *1 (W.D. Ky. Sept. 4, 2008) (*citing Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 687-88 (1993) ("Absent waiver, neither a State nor agencies acting under its control may be subject to suit in federal court.") (internal quotation marks and citation omitted)); *Scott v. Kentucky Department of Corrections*, No. 08-CV-104-HRW, 2008 WL 4083002, at *2 (E.D. Ky. Aug. 29, 2008) ("the Eleventh Amendment has also been interpreted to extend immunity to State employees sued for damages in their official capacities.").

For all of these reasons, the complaint filed by Curtis will be dismissed without prejudice for failure to state a claim.

Accordingly, **IT IS ORDERED** that:

1. Curtis' motion for leave to proceed *in forma pauperis* [**R. 3**] is **GRANTED** and payment of the filing and administrative fees is **WAIVED**.

2. Curtis' complaint [**R. 1**] is **DISMISSED WITHOUT PREJUDICE**.

3. **JUDGMENT** shall be entered contemporaneously with this Order; and

4. This matter is **STRICKEN** from the Court's docket.

This 27th day of August, 2018.

Gregory F. Van Tatenhove
United States District Judge